ELLIS, Judge.
On May 23, 1911 Cyrus J. Brown, a resident of East Baton Rouge Parish, Louisiana, acquired from Mrs. Elizabeth Hendricks 86 acres of land in East Baton Rouge Parish, and on April 11, 1922 Brown executed an act of mortgage on the entire 86-acre tract of land in favor of the Louisiana Trust and Savings Bank as security for the payment of a note of even date for $2,000, and on June 2, 1927 Brown executed an additional and further mortgage on the 86-acre tract of land in favor of the Bank of Baton Rouge as security for the payment of a note for $20,000, both of which mortgages are recorded in the mortgage records of the Parish of East Baton Rouge. There were no restrictions contained in the deed whereby Brown acquired the property nor were there any restrictions incorporated in the two acts of mortgage.
■On May 11, 1932 Brown sold and conveyed to Miss Elinor Wallace White, a portion of the said 86-acre tract of land and in the said act of sale Brown included the following restrictive provisions, to wit:
“Restrictions
“The property herein conveyed as well as that portion of the property of the vendor located within a radius of 200 feet North or above the property herein conveyed, and within a radius of 200 feet Northeast or in the rear of purchaser’s property, and within a radius of 855 feet south or below the prop *282 erty herein conveyed, is sold subject to the following restrictions which shall be binding upon the heirs, executors and assigns for the vendor and vendee and any future owners of the said lands, to-wit:
“1. That none of the said property shall ever be sold, exchanged, donated, or conveyed, to any negro or colored person, nor shall any negro or colored persons be permitted to occupy same, except as servants of a resident family living thereon.
“2. That no residence shall be built on that portion of the said property facing the Jefferson Highway nearer than ISO feet from the Jefferson Highway.
“3. That the property is to be used for residential purposes only, and that no orchard, florist business, chicken yard or truck or truck farm shall be built on said property nearer the Jefferson Highway than 250 feet, and when so built the view of same shall be cut off from the Jefferson Highway and from its North and South side neighbors by evergreen hedges.
“4. The Vendor agrees not to sell or lease that portion of the said property measuring 100 feet on the Jefferson Highway by a depth of 600 feet and located within 300 feet North of Purchaser’s property for street fairs and tourist camps, or like purposes.
“5. That no residence shall be built on any of said land facing the Jefferson Highway to cost, when completed, less than $3,000.00 provided that such a house may be partially completed and occupied, and provided further that the same must be entirely completed within a period of five years from date of beginning.
“6. That chickens and other fowls and live stock owned by any person occupying any of said property must be confined under fence and must not he permitted to run at large.
“7. No ‘For Sale’ signs other than advertising the property itself shall be placed on the property hereinabove described nor shall display of products-of sale or advertising for sale be permitted on the property hereinabove described.”
Prior to the sale by Brown to Elinor-White he had sold a piece of this property which he originally acquired from Mrs. Elizabeth Hendricks on May 23, 1911, in 1924 without any restrictions whatsoever.. On the 21st day of July, 1932 which was-subsequent to the sale to Mrs. Elinor Wallace White on May 11, 1932, Brown sold to Jack Payne a portion of the property which he had originally acquired from Mrs. Hendricks. In this deed there were no. restrictions whatsoever.
On April 21, 1933 the Bank of Baton-Rouge instituted foreclosure proceedings against Brown on the two acts of mortgage and on May 30, 1933 the Sheriff of East Baton Rouge Parish conveyed the said 86-acre tract of land to the Bank of Baton-Rouge, less certain properties sold off of the tract, which included that sold to Elinor Wallace White as well as the two pieces, above described.
On January 25, 1936 the Bank of Baton Rouge sold and conveyed to William H„ Varnado the property it had acquired in, the foreclosure proceeding and no mention or reference was made to the restrictive-provisions contained in the act of sale from. Brown to Elinor White nor was there any mention or reference thereto made in the-foreclosure proceedings by the Bank of' Baton Rouge against Brown. In fact, the only reference to the restrictive provisions, is that found in the act of sale from Brown to Elinor Wallace White.
Varnado conveyed to the plaintiffs herein the property which he had purchased from the Bank.
Plaintiffs, being desirous of using their property including that part which is located 200 feet north of the property sold *283 by Brown to Elinor Wallace White, a part of which is now owned by defendant John Allphin, for business and commercial purposes, allege that they had secured a building permit, architectural plans for the ■erection of a large shopping center on the property. However, on February 1, 1957 they received a letter from counsel for the defendants to the effect that he had been retained by them in connection with the commercial permit which the plaintiffs had secured, to build on the property which was less than 200 feet from the north line ■of the Allphin property, and that he wished to call their attention to the private restrictions on this property as contained in the deed from Brown to Elinor White and which prohibited the property from being used commercially. He then closed .the letter by stating that they would enforce the restrictions through injunctive procedure if necessary. It was then that the plaintiffs instituted this suit in which they ask for a declaratory judgment decreeing that the restrictive provisions contained in the act of sale from Cyrus J. Brown to Elinor Wallace White do not constitute binding and enforceable restrictive covenants against all or any part of the property located within the area therein described and alternatively, if the court should consider that the restrictive covenants are ■enforceable and binding against all or any part of the property located within the area therein described, then in that event petitioners prayed that said restrictions be decreed to be not applicable to and enforce•able against all or any part of the aforesaid property now owned by petitioners.
The case was tried upon a stipulation of facts as well as an admission of certain .allegations of plaintiff’s petition which we have heretofore enumerated as the facts in the case. The District Court rendered judgment in favor of the plaintiffs as prayed for. There were fourteen property owners made defendants in this suit, however, 'twelve did not answer but permitted judg-■jment to go against them by default. The two defendants against whom judgment was rendered after trial have appealed.
In May, 1932, Cyrus J. Brown sold to Mrs. Elinor Wallace White a parcel of property measuring 300 feet on Jefferson Highway by 600 feet in depth. As previously stated this small piece of property was a portion of the 86 acres which Brown had purchased on May 23, 1911 from Mrs. Elizabeth Hendricks. It was in the sale of this small tract that Brown incorporated the restrictions hereinabove quoted which affected this small piece of ground as well as a portion a certain distance from this small tract.
The defendants seem to think that the bank was estopped from attacking the covenants or restrictions because they appeared when the property was sold by Brown to Mrs. White and released their mortgage, however, it is shown that the release was as to the property conveyed “and no farther, and authorizes the clerk and recorder of this parish to cancel and erase said mortgage to that extent only.” There was never any subordination of the rights of the mortgagee to these restrictions. However, the insurmountable obstacle to the maintenance of the restrictions in the deed from Brown to White is the fact that the bank’s mortgages were given by Brown and contained no restrictive covenants whatsoever, ten years prior to the date on which he sold the small parcel of ground to Mrs. White. Counsel for defendant states: “The establishment of such restrictions is not an alienation and does not prejudice the mortgage.” Restrictions are onerous and constitute a burden on the property. A classic example are the restrictions now under consideration in this case, which would not only limit the property of the plaintiff to residential use, thereby rendering it completely valueless from a commercial standpoint provided they were enforced but a mere reading of the restrictions will show that they are more burdensome in other ways *284 as they limit the use of the property even if it is used in compliance with the residential restrictions. Property subject to a mortgage cannot be subjected to restrictions which were not in existence on the date that the mortgage was executed, so as to prejudice or diminish the rights of the mortgagee or any future purchaser under a foreclosure sale. To hold otherwise would be depriving the plaintiffs and their authors in title as well as the mortgagees of a valuable potential right which they enjoyed on the date that the mortgage was executed, or on the date that they purchased the property, for the purchaser at the foreclosure sale and each one thereafter to the plaintiffs, enjoyed the right to use the property for any legal purpose, commercial or otherwise.
We have not been cited any Louisiana authorities nor have we been able to find any dealing directly with the question of the effectiveness of restrictions placed upon property subsequent to the execution of a mortgage on the same property.
For the above and foregoing reasons the judgment of the district court is affirmed, appellants to pay all costs.