LEAR, Judge.
This is a suit for injunctive relief filed by the owners of six lots situated in Airline Acres Subdivision of East Baton Rouge Parish, Louisiana. The gravamen of their cause of action is the violation by defendants of alleged restrictions imposed upon the subdivision by its original subdivider, Mr. Albert C. Evans. The Lower Court granted the relief sought and defendants now appeal from that judgment.
Mr. Evans on May 17, 19SS, had prepared for him a plat or survey of a tract of land that he designated as being Airline Acres Subdivision. This plat had typed on its face the following: “Property shown is subject to restrictions as filed Orig. _, Bid. No.-” As hereinafter pointed out it was necessary to leave the designation of original and bundle number blank for the simple reason that no such restrictions were even in existence at the time this plat was prepared. Nor were these restrictions in existence on September IS, 1955, at which time this survey was recorded in the official records of the Parish of East Baton Rouge.
On September 21, 1955, Mr. Evans executed before a duly qualified notary public in and for the parish of East Baton Rouge a purported declaration of restrictions which had the effect of dedicating this property to certain usages. However, this declaration of restrictions was not placed on the public records until February 6, 1956,
In the meantime Mr. Evans on December 29, 1955, sold Lot 6 of the subdivision and on January 20, 1956, sold Lot 5. It will be noted that both of these alienations took place before the recordation of the declaration of restrictions. Therefore, at the time of the first sale of Lots 5 and 6 the only recorded notice that the purchasers could possibly have of any restriction upon their ownership of their respective lots was some vague statement on the subdivision survey that their author in title was possibly holding some mental reservation or intention to place certain restrictive covenants on the' subdivision at some future date.
It matters not that the original purchasers of Lots 5 and 6 may have known of Mr. Evans positive determination to impose these restrictions nor would it have in any manner changed the situation if they had known of the execution of the notarial declarations on September 21, 1955.
*495 LSA-RCC Article 2264 and McDuffie v. Walker, 125 La. 152, 51 So. 100 have long since laid to rest any question as to the necessity of registry to provide notice sufficient to affect realty in the State of Louisiana.
Our ownership consists of three elements: usus, fructus, and abusus. Wilson v. Aetna Ins. Co., La.App., 161 So. 650.
In the absence of recorded notices, liens, mortgages or restrictive covenants, the original purchasers of Lots 5 and 6 acquired the usus, the fructus and the abusus of these two lots of ground in their purest and most complete forms, with all of the attributes thereunto appertaining.
However, restrictive covenants infringe upon and render less perfect the usus and abusus of real property. It certainly admits of no argument that Mr. Evans who had transferred perfect ownership to these lots could not at a later date and unilaterally change or alter the nature of that of which he had divested himself. The nebulous expression of intention to do so, evidenced by the notation on the face of the plat, is certainly not sufficient to invest him with this continuing authority and power over the properties in question.
Lot 6 underwent two transfers of title after the original alienation to come to rest in the hands of the present owners who are the defendants in this action. Lot 5 underwent three transfers of title after its original alienation before it came to rest in the hands of the defendants.
None of the transfers of title from the initial sale by Mr. Albert C. Evans down to the present owners contained a specific reference to the declaration of restrictions affecting this subdivision.
Plaintiffs argue that after the original transfer of these two lots the restrictions were placed on record and that therefore any subsequent purchaser then had recorded notice of the fact of restriction by the notation on the map and the restrictions themselves inasmuch as they had been recorded at the time of such subsequent transfer. This argument ignores that fact that the original purchasers of these lots had acquired perfect abusus and that by such aquisition they had the untrammeled right to sell the property free of all restrictions; to impose the identical restrictions that were announced in the Evans declaration of September 21, 1955; or they could have sold this property under restrictions of their own devising. One thing is absolutely certain and that is they were not required to sell with the Evans restrictions attaching to their property. To say otherwise is to say that they had not acquired perfect abusits.
This Court recognizes the principle that the civil law favors the free use and alienability of immovable property and that unless a purchaser is given recorded notice of restrictions and impairment of use such purchaser cannot be affected thereby. Munson v. Berdon, La.App., 51 So.2d 157; Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392.
We find therefore that when these two lots were alienated by the original sub-divider of this land without recorded notice of restrictions such restrictions cannot thereafter be applied unless and until a vendor specifically imposes such restrictions in his act of alienation.
Plaintiffs make much of the fact that in the subsequent transfers of these lots reference is made to the subdivision plat which contained the notation cited above. This is true, but the Court feels that of even more importance is that nowhere in the body of those sales were references made to the restrictions themselves which were on record at that time. The references to the map are contained in the description clauses of each act of sale. We accordingly find therefore that mention of this map in the description clause merely served to provide a guide to the location of the property and *496 not as an inevitable and inescapable notice of restrictions recorded in “Orig-, Bdl. No_”
The inclusion in the description of the property of the reference to the map certainly cannot be considered an expression of intention on the part of the subsequent vendors to impose those restrictions upon their purchasers and the property they were buying.
Attention should be called to the fact that in the case of Lot 5 Mr. Albert C. Evans was not only the original vendor but was also a subsequent purchaser and vendor in the chain of title leading from the subdivision to the present owners. In his second alienation of Lot S he did not specifically refer to the restrictions which had been recorded previous to his reacquisition of this land. If he had intended those restrictions to attach to Lot 5 in its subsequent history it would have been a simple matter for him to have specifically referred to those recorded restrictions in the body of his second sale.-
As pointed out in the case of Herzberg v. Harrison, La.App., 102 So.2d 554, the intention of the qriginal grantor and author in title is of importance in establishing the validity and operability of building restrictions and covenants running with the land., Mr. Evans failure to include these restrictions in the deed on both occasions that he alienated Lot 5 is indicative that he did not intend this lot to be affected by the restrictions. Of course, there can be no doubt that his alienation of Lot 6 prior to the recordation of the restrictions evidenced an intention that those restrictions would not apply. See also Munson v. Berdon, (La.App., First Cir,) 51 So.2d 157.
Therefore we find that the injunction of the Trial Court was improvidently issued and the same is hereby annulled and revoked, plaintiffs to pay all costs of this appeal.
Reversed and rendered.