705 So.2d 1198 (1997)
Robert A. MACKEY, Plaintiff-Appellant,
v.
David Lewis ARMSTRONG, et al., Defendant-Appellee,
No. 30054-CA.
Court of Appeal of Louisiana, Second Circuit.
December 30, 1997.
Shuey & Smith by John M. Shuey, Jr., Shreveport, for Plaintiff-Appellant.
Plummer & Means by Robert E. Plummer, Mansfield, for Defendant-Appellee.
Before NORRIS, BROWN and WILLIAMS, JJ.
BROWN, Judge.
Jack S. McCrocklin was the sole owner of a 38.1 acre tract of land located in Mansfield, Louisiana, which he developed into the Highland Park Subdivision. On July 23, 1955, McCrocklin filed in the DeSoto Parish conveyance records a declaration of protective covenants restricting the use of all lots to residential dwellings with a minimum of 1,000 square feet of "floor area," exclusive of open porches and garages. This act provided that the covenants could be "changed in whole or in part by a vote of the owners of a majority of the front footage of the lots in this subdivision." It further required that such changes *1199 be approved by either the City Council of Mansfield or the 11th Judicial District Court.
Between 1980 and 1981, R.A. Mackey, Inc., acquired 22 vacant lots in the subdivision, three of which were sold between 1981 and 1984.
On May 29, 1984, an amendment of the protective covenants was filed. The parties to this action stipulated that the owners of more than 50% of the front footage of the lots signed the document consenting to the amendment.[1] The amendment increased the minimum required heated area from 1,000 square feet to 1,800 square feet and further required a two-car garage or carport. Existing dwellings not in compliance were excepted.
R.A. Mackey, Inc. was not notified of the amendment or allowed to vote on the change, but was informed of the amendment in 1985 by a potential buyer. In 1989, R.A. Mackey, Inc., transferred the remaining 19 lots that it owned in the subdivision to R.A. Mackey by exchange deed.
Mackey, who disapproved of the amendment, tried amicably to resolve the situation by asking all owners to rescind or revoke the amendment. After his attempts failed, he filed suit against all record owners and their spouses praying for a declaratory judgment invalidating and voiding the amendment.
The trial court found that the amendment was valid and enforceable. Plaintiff appeals. We reverse.

Discussion
Building restrictions are usually imposed by developers of land who intend to subdivide their property into individual lots destined for residential, commercial, or industrial uses. They are classified as sui generis real rights likened to predial servitudes. La. C.C. art. 777. Building restrictions are established only by juridical act executed by all the owners of the affected immovables. La. C.C. art. 776. This approach is in accord with public policy. To impose a restriction or real right on property is an alienation that can be made only with the consent of the landowners.
The underlying issue in this case is whether restrictions not applicable when a lot is purchased can be later imposed on the property. Building restrictions are to be construed strictly and have no retroactive effect. Prien Oaks Homeowners Association, Inc. v. Mocklin, 560 So.2d 115 (La.App. 3d Cir. 1990); Anderson v. Courtney, 190 So.2d 493 (La.App. 1st Cir.1966); Vernon v. Allphin, 98 So.2d 280 (La.App. 1st Cir.1957).
Conflicting and clumsy language in La. C.C. art. 780 presents a problem. Article 780 states that building restrictions "terminate as provided in the act that established them." The act in this case set out a method to change rather than terminate the covenants; however, the second sentence of article 780 provides that "in the absence of such provision, building restrictions may be amended or terminated for the whole or a part of the restricted area by agreement of owners representing more than ½ of the land area affected by the restrictions ... if the restrictions have been in effect for at least 15 years...." Termination and amendment of building restrictions are generally different and distinct matters. An amendment may end, modify or create. The title to La. C.C. art. 780 refers solely to termination. For this provision in article 780 that allows an amendment to existing restrictions to make sense, it must be read to refer to a lifting or lessening of the burden on the property.
In this case, the majority of the landowners may be attempting to prevent what they consider to be the deterioration of their neighborhood by significantly raising the square footage requirement. Such an amendment would result in new construction being far more costly than previously required. Developers or builders would be reluctant to construct a house in a subdivision where existing homes are half its size. Such a situation would diminish the value of the larger home. Under these circumstances, the amendment raising the minimum *1200 square footage takes away and diminishes the right to use one's property.
La. C.C. art. 783 provides that "[D]oubt as to the existence, validity, or extent of building restrictions is resolved in favor of the unrestricted use of the immovable." In this case it would be more consistent with public policy and history to construe La. C.C. art. 780 to refer only to amendments that lessen the onerous effect of restrictions on property. Thus, we hold that La. C.C. art. 780 contemplates amendments that lift rather than add restrictions on the use of property. Yiannopoulos, Predial Servitudes § 196, at 522, in 4 Louisiana Civil Law Treatise (1997); Hargrave, Property, Recent Developments in the Law, 51 La. L.Rev. 371 (1990). Therefore, to increase the minimum footage for dwellings by 80% would require the assent of all owners in the subdivision.
Plaintiff also contends that he is entitled to an award of damages consisting of copying and other costs and attorney fees. Attorney fees and copying costs are not allowed except where authorized by statute or contract, neither of which is present in this case. General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980); Nolan v. Commonwealth National Life Insurance Co., 28,777 (La.App.2d Cir. 11/01/96), 688 So.2d 581. Therefore, we decline to make such an award.

Conclusion
For the foregoing reasons:
IT IS ORDERED, ADJUDGED AND DECREED that judgment be rendered in favor of plaintiff, Robert A. Mackey, and against defendants, David Lewis Armstrong, et al., declaring the amendment increasing the building restrictions to a minimum of 1,800 feet with a two-car garage or carport to be invalid. All court costs, here and below, are taxed against defendants.
NORRIS, J., concurs with written reasons.
NORRIS, Judge, concurring.
The majority opinion implies that La. C.C. art. 780 disallows any provision for amendment contained in the act establishing building restrictions; i.e., the only way to amend such restrictions to lessen the burden is by utilizing the "default provisions" of article 780. To the extent that the majority implies such a rule, I disagree. Such an implication is not necessary in the instant case and I believe article 780 does not prohibit an amending provision in the creating act that reduces the burdens imposed by building restrictions.
NOTES
[1] The heirs of Jack McCrocklin, who had signed the amendment, executed a renunciation and revocation of their signatures and approval of the amendment; even so, the amendment was still signed by more than 50% of the front footage owners.