Ji_WILLIAMS, Judge.
The defendants, Donald and Lesa Majeste, appeal a partial summary judgment rendered in favor of the plaintiffs, Dale and Martha McGinty and Cornell Flournoy. The trial court found that defendants had violated several of the subdivision’s building restrictions. For the following reasons, we affirm in part, reverse in part and remand.
FACTS
Willow Ridge Subdivision Unit # 12 is located on the south shore of Cross Lake in Shreveport, Louisiana. In May 1983, the developers established building restrictions applicable to the subdivision property in Article VII of the written Declaration of Covenants, Conditions and Restrictions (“the Declaration”), which was filed in the registry of conveyances. At its annual meeting in November 1992, the Marina Homeowners Association (“MHA”) purported to amend Article VII of the Declaration by adding Section 21 to prohibit the construction of a “boathouse or any building that extends into the lake.... Uncovered boat lifts that do not obstruct the view of the lake may be built.”
In July 1993, the defendants purchased Lot-6 in Willow Ridge Unit # 12 and began *334 construction of a house. The plaintiffs are the homeowners on either side of this lot. Disputes arose among these neighbors concerning the elevation of the defendants’ house, the unapproved changes to the exteri- or of their home, and the defendants’ construction of a covered boat lift.
Subsequently, plaintiffs filed a petition for a permanent injunction and damages, alleging that the defendants’ house did not comply with the property restrictions. Plaintiffs later filed a motion for partial summary judgment and requested a finding that defendants had violated the applicable restrictive covenants.
UAfter a hearing, the trial court granted plaintiffs’ motion, finding that defendants had violated the subdivision’s building restrictions by exceeding the 219-foot height limit for their home, constructing a covered boat lift and changing the exterior of their home without complying with the required approval process of the MHA Architectural Control Committee (“ACC”). The issue of damages was reserved for a trial on the merits. Defendants appeal only that part of the trial court’s summary judgment finding that the defendants’ boat lift violated the applicable building restrictions.
DISCUSSION
The defendants contend the trial court erred in finding that the building restriction prohibiting the construction of covered boat lifts was enforceable. Defendants argue that the amendment to Article VII of the Declaration was not properly adopted and is not a valid restriction.
Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing construction standards, specified uses and improvements. LSA-C.C. art. 775. Such restrictions are classified as real rights likened to predial servitudes. LSA-C.C. art. 777.
Building restrictions are ordinarily created by developers of land who intend to subdivide their property into individual lots for specific purposes. LSA-C.C. art. 776, Comment (b); Mackey v. Armstrong, 30,054 (La.App.2d Cir. 12/30/97), 705 So.2d 1198. Where there is doubt as to the existence, validity, or extent of building restrictions, the issue should be resolved in favor of the unrestricted use of the immovable. LSA-C.C. art. 783; Mackey v. Armstrong, supra.
Here, the plaintiffs assert that the restriction prohibiting covered boat lifts hwas properly enacted because the minutes of the annual meeting reflect that 75% of the MHA members present voted to adopt the amendment, which the MHA president signed under the authority of a resolution by the MHA Board of Directors. However, this procedure does not comport with the amendment method set forth in the Declaration. Article VIII, Section three provides that the “restrictions of this Declaration may be amended by an instrument signed by those persons owning not less than seventy-five percent (75%) of the Lots.” (Our emphasis).
In Faust v. White, 442 So.2d 576 (La.App. 1st Cir.1983), a majority of lot owners sought to amend building restrictions prior to the expiration of the term specified in the establishing act. The court found that the amendments were null and void because they did not conform to the amending provisions contained in the restrictions. See also Robinson v. Morris, 272 So.2d 444 (La.App. 2d Cir. 1973) (finding a building restriction amendment invalid because it was not adopted in compliance with the amendatory clause of the restrictions).
Similarly in the present case, the Declaration unambiguously specifies the method for amending the building restrictions. Although the MHA voted to approve the amendment prohibiting construction of covered boat lifts, the organization did not obtain the required instrument bearing the signatures of two-thirds of all lot owners. After reviewing the record, we find that the MHA failed to comply with the express amendatory provisions contained in the declaration of restrictions. Consequently, the amendment of Article VII is invalid.
Therefore, we must conclude that the trial court erred in granting partial summary judgment on the basis that defendants’ construction of the boat lift was a violation of the applicable building restrictions. In reaching this conclusion, we 14pretermit a discussion of *335 the defendants’ remaining assignments of error concerning issues related to the validity of restrictions affecting construction on the public lakebed, abandonment and an implied variance.
CONCLUSION
For the foregoing reasons, that part of the trial court’s summary judgment finding that the defendants’ boat lift violated the applicable building restrictions is reversed. The judgment is otherwise affirmed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the appellees, Dale and Martha MeGinty and Cornell Flournoy.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PEATROSS, J., concurs without written reasons.